IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| GLOBAL CITY GROUP, LLC, | ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Ismael Salam ("Plaintiff") brings this Class Action Complaint against Defendant Global City Group, LLC ("GCG"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**I.   NATURE OF THE ACTION**

1. GCG is consumer finance and loan company based out of Sarasota, Florida. GCG conducts its business operations, in part, through the website "moneynow321.com," offering consumers payday loans with instant approval and no credit checks. *See* **Exhibit A**.

2. In an effort to market its products and services, GCG sent (or directed to be sent on its behalf) unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

404975.1

3. Neither Plaintiff nor the other Class members ever desired, permitted, authorized, or consented in writing – as is required under the TCPA – to allow GCG to send text messages to their wireless telephones.

4. By sending such unauthorized text messages, GCG caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

5. In order to redress these injuries, Plaintiff seeks an injunction requiring GCG to cease all unsolicited text message activities and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from GCG, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

7. This Court has personal jurisdiction over GCG under the Illinois long-arm statute, 735 ILCS 5/2-209, because GCG engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over GCG because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. GCG, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III. PARTIES

*Plaintiff*

9. Plaintiff Ismael Salam is an individual domiciled in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendant*

10. Defendant GCG is a limited liability company organized in and existing under the laws of the State of Florida with its principal place of business located at 50 Central Avenue, Suite 950, Sarasota, FL 34236. For purposes of 28 U.S.C. § 1332, GCG is a citizen of the State of Florida.

### IV. FACTUAL BACKGROUND

*Background on Unsolicited SMS Activity*

11. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

13. SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are

inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

14. According to a study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

15. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

16. Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

17. As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express written consent.[3]

### GCG's Unsolicited SMS Message Advertisement to Plaintiff

18. As part of its advertising campaign, GCG has sent and continues to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited August 5, 2014).
[2] *Id.*
[3] The form soliciting this written consent must include a "clear and conspicuous disclosure
informing the person signing that: (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services." 47 C.F.R. 64.1200(f)(8).

19. On July 29, 2014, GCG transmitted the following text message to Plaintiff's wireless phone:

> Moneynow321.com has pre-approved you for a loan up to $500. Call now 1-877-840-4865 for details. For help reply HELP.

A true and correct copy of the text message is attached as **Exhibit B**.

20. The homepage of Moneynow321.com displays the same 877-840-4865 telephone number identified in the text message, and the bottom of the page indicates that the site is run by "Global City Group, LLC." *See* Exhibit A.

21. The Better Business Bureau ("BBB") also identifies Moneynow321.com as the website for GCG, which it has given an "F" rating in light of its failure to respond to numerous consumer complaints.[4]

22. GCG sent or transmitted, or had sent or transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

23. On information and belief, GCG sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

24. Plaintiff did not desire, authorize, or consent in writing to allow GCG to send or transmit these text messages to his wireless phone, as is required under the TCPA.

### V. CLASS ALLEGATIONS

25. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

---

[4] http://www.bbb.org/south-east-florida/business-reviews/consumer-finance-and-loan-companies/global-city-group-in-doral-fl-90079456 (last visited August 5, 2014).

>All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendant Global City Group, LLC (the "Class"). Excluded from the Class are GCG and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

26. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

27. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by GCG's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from GCG's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

28. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether GCG's conduct constitutes a violation of the TCPA;

   b. whether the equipment GCG used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

   c. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

   d. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of GCG's conduct; and

      e.      whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

29.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

30.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

31.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** GCG has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

32.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against GCG, so it would be impracticable for Class members to individually seek redress for GCG's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court

system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. GCG and/or its agents sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

35. GCG sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

36. GCG utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

37. By sending the unsolicited text messages to Plaintiff and the Class, GCG has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of GCG's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

38. Should the Court determine that GCG's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ismael Salam, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Ismael Salam as the representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding actual and statutory damages;

C. Requiring Defendant Global City Group, LLC to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: August 7, 2014

Respectfully submitted,

ISMAEL SALAM, individually and on behalf of all others similarly situated

By: */s/ Katrina Carroll*
One of the Attorneys for Plaintiff
And the Proposed Putative Class

Katrina Carroll
Kyle A. Shamberg
*kcarroll@litedepalma.com*
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**

211 W. Wacker Drive
Suite 500
Chicago, Illinois 60606
312.750.1265